IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TOM F. FIELDS, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-136 |
| | ) | |
| LIEUTENANT ASHLEY, etc., | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

On December 15, 2023, the Court granted Plaintiff, an inmate at Charles B. Webster Detention Center, permission to proceed *in forma pauperis* ("IFP") conditioned on his return of a Prisoner Trust Fund Account Statement and Consent to Collection of Fees form. (See doc. no. 8.) Plaintiff has returned his Consent to Collection of Fees form, (doc. no. 9), but never returned his Prisoner Trust Fund Account Statement. According to Plaintiff, jail officials refuse to complete and return the Trust Fund Account Statement. (Doc. no. 15; see also doc. no. 5.)

On January 22, 2024, the Court entered an Order, explaining Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to the collection of the entire $350.00 filing fee in installments. (See doc. no. 13, p. 1 (citing Wilson v. Sargent, 313 F.3d 1315, 1319-20 (11th Cir. 2002).) The Court granted Plaintiff until February 5, 2024, to submit the required Prisoner Trust Fund Account Statement signed by an authorized jail official, and the Court warned Plaintiff that failing to return the required

paperwork would be an election to have this case dismissed without prejudice. (Id.) The Court also directed the Clerk to serve the Order and a Prisoner Trust Fund Account Statement on Plaintiff's custodian and expressed confidence jail officials would expeditiously fill out the form and return it to Plaintiff. (Id. at 2.)

On January 25, 2024, the Court received a letter from Plaintiff, seeking to pay a $10.00 initial partial filing fees in the instant case and in another case filed by Plaintiff, Fields v. Georgia, et al., CV 123-099 (S.D. Ga. Feb. 12, 2024) (hereinafter "CV 123-099"). (Doc. no. 14.) However, such a request was premature in this case, as the Court has yet to order the payment of an initial filing fee due to the lack of a Prisoner Trust Fund Account Statement filed in the instant case.

Plaintiff's extended deadline to submit the Prisoner Trust Fund Account Statement in this case has now passed, and he asserts jail officials have refused to return the Prisoner Trust Fund Account Statement. (Doc. no. 15.) In any event, it appears both Plaintiff and CBWDC officials have experienced confusion over the filing of the Prisoner Trust Fund Account Statement in the instant case and in CV 123-099, (see doc. nos. 5, 6, 10, 14, 15); see also CV 123-099, doc. nos. 10, 12, so the Court will attempt to clarify the process at this time.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321, for each case in which a prisoner is granted permission to proceed IFP, the Court requires the submission of a Prisoner Trust Fund Account Statement, with supporting documentation, to demonstrate the average monthly deposits to, or the average monthly balance in, the prisoner's account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C.§ 1915(a)(2). The form and supporting documentation are to be "obtained from the appropriate official of each prison at which the prisoner is or was confined." Id. A *separate*

2

Prisoner Trust Fund Account Statement, with supporting documentation, must be filed for *each* case in which a prisoner is granted permission to proceed IFP. Thus, despite the fact that Plaintiff obtained and filed a Prisoner Trust Fund Account Statement his other case pending before this Court, see CV 123-099, doc. no. 12, the Court still requires the submission of the form and supporting documentation in the above-captioned case before an initial partial filing fee can be assessed and this case can proceed to screening.

The Court previously provided CBWDC officials the Prisoner Trust Fund Account Statement and informed them the form needs to be completed and returned to Plaintiff. (Doc. no. 13, p. 2.) The Court presumes the failure to do so was the result of a misunderstanding regarding the submission of multiple forms for Plaintiff's two, separate cases. In light of the clarity provided above, the Court extends the deadline for Plaintiff to provide the Prisoner Trust Fund Account Statement, with supporting documentation, to the Court. Plaintiff shall have until March 6, 2024, to submit the required Prisoner Trust Fund Account Statement signed by an authorized jail official. The Court **DIRECTS** CBWDC officials to complete and return the forms to Plaintiff expeditiously.

If the Court does not timely receive the required paperwork and receives notice from Plaintiff that CBWDC officials continue to refuse to complete the form and provide supporting documentation, the Court will separately schedule a show cause hearing at which Major Charles Mitchell of Charles B. Webster Detention Center will be required to appear and explain why the Court's Order regarding the provision of Plaintiff's financial information has not been fulfilled. Of course, should Major Mitchell cause the jail business office to return the required information to the Court by no later than the close of business on Tuesday, March 6, 2024, attendance at a hearing will not be necessary. The Court **DIRECTS** the **CLERK** to

3

serve this Order - with this paragraph highlighted - on Major Mitchell and to enclose another copy of the Prisoner Trust Fund Account Statement.

SO ORDERED this 21st day of February, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA