IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| TOM F. FIELDS, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV 123-136 |
| | ) |
| LIEUTENANT ASHLEY, | ) |
| | ) |
| Defendant. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought pursuant to 42 U.S.C. § 1983, concerning events alleged to have taken place at Charles B. Webster Detention Center in Augusta, Georgia.  Presently before the Court is Defendant's motion to dismiss the case as a discovery sanction.  (Doc. no. 47.)  For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Defendant's motion to dismiss be **GRANTED**, (doc. no. 47), and this case be **DISMISSED** with prejudice and **CLOSED**.

I.   **BACKGROUND**

On December 3, 2024, Defendant served on Plaintiff his first set of interrogatories and requests for production.  (Doc. no. 48, p. 1; see also doc. no. 43-1.)  Despite defense counsel's additional attempt to gain Plaintiff's cooperation on January 15, 2025, Plaintiff failed to serve discovery responses or otherwise respond to defense counsel.  (Doc. no. 43, p. 1; doc. no. 43-2.)  Defendant moved to compel on January 28, 2025, (doc. no. 43), and on February 19, 2025,

the Court granted the motion and ordered Plaintiff to serve fulsome responses to the interrogatories and requests for production, and produce all responsive documents, on or before Wednesday, March 5, 2025, (doc. no. 44). The Court cautioned Plaintiff that failing to comply with the Court's Order could result in sanctions including dismissal of this case. (Id. at 1.)

Plaintiff failed to comply with the Order, and Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v). (Doc. no. 47.) The Court ordered Plaintiff to respond to the Motion to Dismiss within fourteen days of service and cautioned Plaintiff that failing to respond could result in dismissal. (Doc. no. 48.) The time to respond has passed, and Plaintiff has failed to respond to the Motion to Dismiss, comply with the Court's February 19th Order, or otherwise communicate with the Court. (See doc. no. 47, p. 1.) Because Plaintiff did not respond, Defendant's motion to dismiss is deemed unopposed. See Loc. R. 7.5.

## II.   DISCUSSION

### A.   Plaintiff's Case Is Subject to Dismissal as a Sanction for Failing to Obey the Court's Discovery Order.

Federal Rule of Civil Procedure 37(b)(2) authorizes courts to impose sanctions, including dismissal, "[i]f a party . . . fails to obey an order to provide or permit discovery." Dismissal should only be imposed as a Rule 37 sanction "when less drastic sanctions would not ensure compliance with the court's orders." Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993). In addition, dismissal is only appropriate "when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault." Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993). Furthermore, "[d]ismissal with prejudice is the most severe Rule 37 sanction

and is not favored." Id.; see also Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1556 (11th Cir. 1986) ("The decision to dismiss a claim . . . ought to be a last resort – ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders.").

Here, Plaintiff's refusal to timely respond to Defendant's discovery requests despite the Court's Order that he do so constitutes willful refusal to obey.  Plaintiff has obstructed defense counsel's ability to move forward with the case and frustrated the Court's attempts to manage the case by ignoring court orders.  In short, despite initiating this lawsuit, Plaintiff does not have any interest in doing the bare minimum required to pursue it.  However, because Plaintiff is proceeding IFP, the imposition of monetary sanctions is not feasible.  Therefore, dismissal with prejudice is warranted as a discovery sanction under Fed. R. Civ. P. 37(b)(2), and Defendant's motion to dismiss should therefore be **GRANTED**.  (Doc. no. 47.)

### B.     Plaintiff's Case Is Also Subject to Dismissal for Failure to Prosecute

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Hum. Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order

3

of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, as stated above, Plaintiff failed to comply with the Court's February 19th Order directing him to submit discovery responses.  Plaintiff did not respond to Defendant's motion to dismiss, and also failed to comply with the Court's March 12th Order directing him to respond to the motion to dismiss.  The Court repeatedly cautioned Plaintiff that a failure to respond may result in a recommendation of dismissal.  Plaintiff's conduct amounts not only to failure to prosecute and to comply with court orders, but also an abandonment of his case.  This is precisely the type of neglect contemplated by the Local Rules.  Therefore, dismissal is also warranted under Loc. R. 41.1(c) for failure to prosecute, providing another basis on which to dismiss this case.  Equity, 556 F.3d at 1240; Owens, 331 F. App'x at 655.

### III. CONCLUSION

For these reasons, the Court **REPORTS** and **RECOMMENDS** Defendant's motion to dismiss, (doc. no. 47), be **GRANTED**, and this case be **DISMISSED** with prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 1st day of May, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA